## The Cairo and Vincennes Railroad Company

### *v.*

## Miles W. Parker.

1. Parol evidence—*to vary written contract.* Parol evidence of a contract, made at the time of or prior to the execution of a written contract is not admissible to change the legal force and effect of the writing, or to make the contract different from what the writing imports.

2. So, where a note is given for a subscription to a railroad company, " to become due and payable when the track of said railroad shall be built " through a named county, and the "cars shall have run thereon," a plea which sets up a further condition that the road should be completed through the county within two years, is bad on general demurrer, as attempting to change by parol the written agreement.

Appeal from the Circuit Court of Alexander county; the Hon. David J. Baker, Judge, presiding.

Messrs. Green & Gilbert, for the appellant.

Mr. John H. Mulkey, Mr. D. T. Linegar, and Mr. John M. Lansden, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The railroad company brought an action of assumpsit on this instrument:

"Cairo, Ills., *Dec.* 26, 1867.

"For value received we promise to pay to the order of the Cairo and Vincennes Railroad Company the sum of two hundred and fifty dollars. *This note to become due and payable when the track of said railroad shall be laid from Cairo through Pulaski county, and cars shall have run thereon.*

"John Hodges,
". Miles W. Parker."

Hodges was not served, and Parker pleaded eight pleas in addition to the general issue. A demurrer was interposed and sustained to all of the special pleas but the sixth, seventh and eighth. To the seventh, which was for a failure of consideration, plaintiff replied that the note was given for a subscription to aid in the construction of the railroad, but this plea was, during the trial, withdrawn. The sixth and eighth pleas were for a failure of consideration. The sixth averred that the only consideration for the instrument sued on was the contemporaneous promise and undertaking of the company to fully complete and finish the Cairo and Vincennes railroad, then being built, and to have trains passing over, through and upon the same, within two years from that date, and avers that it was not so completed within two years, and the consideration had failed. The eighth plea avers that the only consideration for the instrument sued upon was the contemporaneous promise and agreement of the plaintiff that the track of the railroad of the plaintiff, which was then being constructed from Cairo to Vincennes, would and should be laid from Cairo aforesaid through Pulaski county, and cars run thereon and over the same, within two years from the 25th of November, 1867, and that the road was not so completed, whereby the consideration had failed.

To each of these pleas several replications were filed, and, amongst others, one averring that, at the date of the execution

of the instrument sued on, plaintiff was preparing to build a railroad from Cairo to Vincennes, which was known to defendant, and that defendant executed the instrument as a subscription and donation to aid in the building of the road, and that plaintiff, on the faith of that and other similar subscriptions, purchased materials and made contracts for the building of the railroad, and did complete the same before the commencement of the suit. The court below sustained a demurrer to each of these replications.

A trial was had on the issues of fact that were joined, and a trial had before the court and a jury, and a verdict was found for defendant. A motion for a new trial was entered and overruled, and judgment rendered on the verdict, and the company appeals.

It is claimed that the demurrer should have been carried back and sustained to the sixth and eighth pleas. The instrument sued on contains a condition that the money is not to be paid until the road should be laid from Cairo through Pulaski county, and cars shall have run thereon; and the pleas attempt to add another condition, and by reason of its non-performance avoid the payment of the note. It is well settled in this court, that " parol evidence of a contract made at the time of or prior to the execution of a written contract is not admissible to change the legal force and effect of the writing, or to make the contract different from what the writing imports." *Hill* v. *Enders*, 19 Ill. 165. This is believed to be the doctrine of all courts, English and American. The rule is too familiar to require the citation of further authority.

These pleas do not aver facts that constitute a failure of consideration—they only superadd a further condition of the time when the road should be completed through Pulaski county. The averment only states, there was a further parol condition that the road should be completed, as stated in the note, within two years from its date. This is but a condition, and nothing more. It is not averred that the completion of the road in two years was the consideration upon which the note was given, and if it had, that would not have been sufficient, as the

mere time of the construction of the road could not form a consideration. Its completion through the county named could be, and from the structure of the pleas and the form of the note was, the consideration, and that it should be completed in a given time, as stated in the pleas, would only have been a condition, and nothing more. The plea, therefore, only set up what is outside of the note, and could, if allowed, only amount to an alteration or change of the written agreement of the parties, and this can not be done by plea or otherwise. The demurrer should, therefore, have been sustained to these pleas. Failing to do so, the court below erred, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*