CAIRO & VINCENNES RAILROAD COMPANY, use, etc.,

v.

JOSEPH H. DELAP ET AL.

PROMISSORY NOTE—PLEADING.—To an action upon a note given to a railroad company, to be paid "when the track of said railroad shall be laid through White county, and cars shall run thereon," the defendant pleaded that the sole consideration was that such road should be built within three years from the date of the note, and averred that such road was not built within three years, etc. *Held*, that the circuit court erred in overruling a demurrer to defendant's plea. The plea was bad on general demurrer.

ERROR to the Circuit Court of White county; the Hon. T. B. TANNER, Judge, presiding. Opinion filed August 13, 1880.

Messrs. BELL & GREEN, for plaintiff in error; that the plea was bad, cited C. & V. R. R. Co. v. Parker, 84 Ill. 613; 1 Chitty's Pl. 546; Ten Eyck v. Waterbury, 7 Cow. 51; Ferrand v. Walker, 5 Blackf. 424.

Mr. JOHN M. CREELS and Messrs. McDOWELL & McCLINTOCK, for defendants in error; that objections to the form of a plea can be reached only by special demurrer, cited 1 Chitty's Pl. 575; F. & M. Ins. Co. v. Menz, 63 Ill. 116; Adams Ex. Co. v. King, 3 Bradwell, 316.

The consideration for a note may be contradicted by parol, and the true consideration shown: Oertel v. Schroeder, 48 Ill. 133; Great Western Ins. Co. v. Rees, 29 Ill. 274; Walker v. Crawford, 56 Ill. 444; Hill v. Enders, 19 Ill. 165; Morgan v. Fallenstein, 27 Ill. 31; Winkelman v. Choteau, 78 Ill. 107; Elder v. Hood, 38 Ill. 533.

BAKER, J. This was assumpsit, in the Circuit Court of White county, at the April term, 1875, by the plaintiff in error, the Cairo and Vincennes Railroad Company for the use of Robert Bell, against the defendants in error, to recover the

C. & V. R. R. Co. v. Delap.

amount due on the following promissory note, or instrument in writing, signed by defendants:

"$500.00.                INDIAN CREEK, 11 December, 1867.

"For value received, we promise to pay to the order of the Cairo and Vincennes Railroad Company the sum of five hundred dollars. This note to become due and payable when the track of said railroad shall be laid through White county, and cars shall have run thereon."

The declaration consisted of one special count, which averred the making and delivery of the note, and that the track of the Cairo and Vincennes railroad had been laid through White county and cars had run thereon, before the bringing of the suit. To this declaration the defendants interposed a number of pleas, on some of which issues were joined, and to some of which demurrers were sustained; and the only controversy in the case now is that which grows out of the fifth plea, which is as follows: "And for a further plea in this behalf, the defendants say *actio non*, because they say the real and only consideration for which the said note in said declaration mentioned was given, was the construction and completion, by the said plaintiff, of the Cairo and Vincennes railroad through the said county of White and State of Illinois, within three years from the date of the giving of said note, upon a certain line which was then located north of the lands owned by defendants, and which line was commonly known by the name of the Shadsville line; and the said defendants aver that said plaintiff did not construct and complete the said railroad upon the line so known and commonly called the Shadsville line, or upon any other line through White county, Illinois, within the said three years from the date of the giving of said note; wherefore they say that the consideration of said note has wholly failed." The plaintiff in error demurred to this plea, and the court overruled the demurrer; and the plaintiff standing by the demurrer, judgment was rendered by the court in favor of the defendants and in bar of the action. The plaintiff now brings the record into this court, and assigns for error the overruling of the demurrer, and the rendition of the judgment in favor of the defendants.

The gist of the plea is the question of time; that the consideration was the plaintiff would construct its railroad through White county, upon the Shadsville line, *within three years from the date of the note;* and that plaintiff did not construct its road "*within three years from the date of the giving of said note*," upon the Shadsville or upon any other line through White county. *Non constat,* the road was not constructed and completed through the county on the Shadsville line after the expiration of three years from the date of the instrument, and before suit brought. The case is governed by C. & V. R. R. Co. v. Parker, 84 Ill. 613; and the plea was bad on general demurrer.

The circuit court erred in overruling the demurrer, and in rendering judgment thereon in bar of the action. The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the plea.

Reversed and remanded.