[Sac. No. 981.   Department Two.—December 11, 1903.]

## S. PROUTY, Appellant, v. ROBERT ADAMS et al., Respondents.

LANDLORD AND TENANT—NOTE FOR RENT—LITIGATED TITLE—INDEMNITY —CONSTRUCTION OF CONTRACT.—A contract of indemnity given by a landlord to his tenants contemporaneously with an absolute note given by them to him, payable on or before a fixed date, in a sum certain, agreeing "to fully indemnify them in the payment" of the note, which is described as given "in lieu of rent of a certain piece of ground containing one hundred acres more or less, and now in litigation," etc., is to be construed in connection with the note, which it is contemplated shall be paid according to its terms, and the indemnity is against loss to the tenants in case plaintiff should lose the title.

ID.—ACTION UPON NOTE—DEFENSE INCONSISTENT WITH CONTRACT.—In an action upon the note, no defense can be interposed which is inconsistent with the contract of indemnity, and a defense that the note was to be paid only on a contingency which had not arisen, such as that defendants would not be required to pay the note unless it was established in court that the plaintiff was the owner of the land, "and that it was not established," is not tenable.

ID.—PAROL EVIDENCE—UNCERTAIN CONTINGENCY—INDEMNITY AGAINST DOUBLE RENT—CONSISTENCY WITH CONTRACT.—The contract of indemnity being uncertain as to contingency, parol evidence is ad-

missible to show that it was intended to indemnify the tenants against loss arising from the payment of double rent, if the landlord's title should prove invalid, as such evidence is consistent with the terms of the contract; but parol evidence is not admissible to vary the written contract by showing that the note was not to be paid at all except upon the happening of a certain contingency.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

R. C. Minor, for Appellant.

Prior to the payment of the note, the defendants can neither plead as a defense nor sue upon the contract of indemnity. (Civ. Code, sec. 2778, subd. 2; *Rogers* v. *Kimball,* 121 Cal. 254,—concurring opinion.) All oral negotiations were merged in the written contracts, and parol evidence is not admissible to vary them or add to their terms. (Civ. Code, sec. 1625; *Goldman* v. *Davis,* 23 Cal. 256; *Nicholson* v. *Tarpey,* 89 Cal. 620; *Harrison* v. *McCormick,* 89 Cal. 330.[1])

Avery C. White, for Respondents.

Parol evidence is admissible to show breach of a contract constituting the consideration of the note, and to show that the note was delivered to take effect upon a condition precedent, which has not taken place. (*Billings* v. *Everett,* 52 Cal. 661; *Jefferson* v. *Hewitt,* 103 Cal. 630; *Howard* v. *Stratton,* 64 Cal. 487; *Schultz* v. *Noble,* 77 Cal. 79; 1 Daniel on Negotiable Instruments, sec. 81, and cases cited.)

HENSHAW, J.—This action is upon a promissory note executed to plaintiff by defendants, in tenor and terms as follows:—

"Apr. 23d, '95.

"On or before October the first, ninety-five, for value recd., we, or either of us, promise to pay to S. Prouty, or order three hundred and fifty dollars with interest at one per cent per month after due and in case suit is commenced to collect

---

[1] 23 Am. St. Rep. 469.

any part thereof we agree to pay reasonable amount for attorneys fees for collection."

Contemporaneously with the execution of this note plaintiff executed to defendants the following contract:—

"ELLIOTT, April 23d, '95.

"I hereby agree to fully indemnify Robert and H. Adams, in the payment of a certain promissory note, given to me for $350.00 and even date, in lieu of rent of a certain piece of ground containing 100 acres, more or less, and now in litigation between Charles Quiggle and myself.

(Signed)       "S. PROUTY."

In their answer defendants were permitted to set up as a defense the following matters: That they were the tenants of plaintiff in the occupancy of certain farming land; that while in such occupancy one Ray served notice upon them that he was the owner of the land, with a demand that all rents therefor be paid to him. Defendants immediately informed plaintiff of this notification and demand. Upon the day of the execution of these contracts plaintiff told the defendants that there was an action pending between himself, as plaintiff, and Ray and others, as defendants, that it would be to his (plaintiff's) advantage in the coming trial if the defendants, in lieu of rent, or the paying of rent, would give to him their promissory note, and that defendants would not be required to pay the note "unless it was established in said court that he, the plaintiff, Simon Prouty, was the owner of said land." Induced solely by these representations, the defendants executed the promissory note, and in return received the contract of indemnity hereinabove set forth. Defendants further allege that the action was tried and resulted in a judgment in favor of the defendants therein, and that plaintiff has not established in that court that he was the owner of the lands or any part thereof.

Over the objection of plaintiff, the court allowed this defense, and upon the trial found in accordance with its allegations, and judgment passed for defendants. The right of the defendants to urge such a defense is the principal question here argued.

The action upon the promissory note being by the payee against the makers, all legitimate defenses were available.

If the promissory note was the only written contract between the parties, it would unquestionably be the right of defendants to show lack of consideration, the true consideration, that the note was to be collected only upon a contingency that had not arisen, or any other like defense. But, with the written contract of indemnity in existence, the rights of the defendants in this regard are limited by that, and they cannot interpose any defense at variance with the terms of that instrument. Reading the promissory note with the contract of indemnity, it is beyond controversy that it was in the contemplation of the parties that the note was to be paid upon October 1, 1895. The note so states, and the contract of indemnity is an agreement to indemnify the makers "in the payment" of the note. They could not be indemnified in the payment unless payment were actually made. The defense here interposed was a defense which allowed them to show that their note was not to be paid at all, excepting upon a certain contingency; whereas their written contract plainly expressed the agreement that it should be paid when it became due, and that upon contingencies arising after the payment, the plaintiff would indemnify the defendants to the extent of the payment. In other words, by the terms of the written contracts, the defendants bound themselves to pay this promissory note when it became due. Plaintiff, in turn, bound himself, after such payment, to indemnify the defendants to the extent of the payment, if certain contingencies arose. As to what those contingencies were, the contract of indemnity being uncertain, resort might be had to parol evidence, but that is very different from a resort to parol evidence to show, in conflict with the very terms of the writing, that the note was not to be paid at all, except upon the happening of certain contingencies.

By the undisputed testimony, the defendants were tenants of plaintiff. They feared that they might be compelled to pay double rent in the event that Prouty's title to the land should prove invalid. Over this there is no dispute. The testimony of plaintiff from this point on is in consonance, and not at variance, with the terms of the writing. It is to the effect that he accepted the promissory note, payable upon a specified date, in lieu of rent, agreeing, in the event that defendants

should ever be called upon to pay rent to others, that he would indemnify them to the extent of their payment to him. This is a rational and understandable contract, and quite in accord with the writings of the parties, while the defense interposed, as we have said, is at utter variance with the terms of their written agreement. Plaintiff had the unquestioned right to enforce the payment of the promissory note according to its tenor. If there be uncertainty as to the conditions upon which the defendants would be entitled to reimbursement after payment, parol evidence would be admissible, and the trial court would be justified in receiving evidence upon that point. But since the defendants could not suffer loss so as to require indemnification, unless in fact they paid their note, it would be the absolute destruction of the terms of the contract to entertain the defense which was pleaded.

The judgment and order appealed from are therefore reversed and the cause remanded, with directions to the trial court to strike out, or otherwise refuse to entertain, the special defense above adverted to.

McFarland, J., and Lorigan, J., concurred.