## PROUTY v. ADAMS et al.

### Court of Appeal, Third District; October 4, 1905.

#### 82 Pac. 1081.

**Appeal—Law of the Case—Pleading—Amendment.**—Where, on a prior appeal, it was held that defendants' rights were limited by a written contract of indemnity, and that no defense at variance with the terms of the indemnity could be interposed, and judgment was reversed, with directions to the court to strike out or otherwise refuse to entertain a special defense objected to, whereupon the court struck the amended answer "according to the directions of the supreme court" and granted leave to amend, such decision was the law of the case, and defendants were not entitled to file an amended answer merely omitting all mention of the written contract and pleading the defense so stricken.

APPEAL from Superior Court, San Joaquin County; W. B. Nutter, Judge.

Action by S. Prouty against Robert Adams and another. From an order granting plaintiff's motion to strike certain matter from an amended answer, defendants appeal. Affirmed.

A. C. White and C. H. Fairall for appellants; R. C. Minor for respondent.

BUCKLES, J.—This is the second appeal in this cause: Prouty v. Adams, 141 Cal. 304, 74 Pac. 845. The facts are fully stated in the decision upon such former appeal. It was there held that the rights of the defendants were limited by a written contract of indemnity executed contemporaneously with the execution of the note sued upon, and that no defense at variance with the terms of that indemnity could be interposed. The judgment and order denying a new trial were there reversed, "with directions to the trial court to strike out or otherwise refuse to entertain the special defense above adverted to." Upon the going down of the remittitur, the trial court made the following order: "On motion of Avery C. White, Esq., counsel for defendants, the court made an order striking out the amended answer of defendants herein, according to the directions of the supreme court, and granted defendants fifteen days in which to file an amended answer herein." Thereafter, and within the

time so granted, the defendants filed an answer wherein all mention of the written contract of indemnity was omitted, and the self-same special defense included in the order of the supreme court, and mentioned and stricken out by the order granting leave to amend, was again pleaded. The plaintiff moved to strike said matter from the amended answer, and from the order granting said motion defendants prosecute this appeal.

Appellants claim that additional matter by way of "novation" or "substitution" was included in the matter stricken out, but an examination of the record shows that, no matter what this alleged new matter may be called, it is within the very letter of the decision upon the first appeal which became the law of the case. Appellants also contend that the order of the trial court permitted the amendment made. We do not think so. The supreme court directed the lower court to strike out or otherwise refuse to entertain this very defense, and the order of the court below, construed in the light of this direction, could only mean an amendment in accordance with the law of the case as laid down by the supreme court. Such was the construction placed upon its order by the court making it. An order directing that certain matter may be stricken from an answer can hardly be distorted into an order permitting its reinsertion. It is said, however, that the amendment avoids the law of the case laid down on the first appeal, and that neither the lower court nor this court can have knowledge of the fact that there was a written indemnity. In answer to this it may be said that the court below certainly was compelled to take cognizance of the order expressly excluding the very matter here pleaded, and no amount of sophistical pleading or reasoning could destroy the force of that order or nullify the rule of law applied to the facts which the defendant placed before the court. The amendment, including matter stricken out by the court below in accordance with the mandate of the supreme court, was therefore unauthorized. The mere omission of reference to the written indemnity could not nullify such order, and, if it could, such an amendment would be so plainly sham that the court would strike it out anyway. The law does not impute to a court such ignorance of its own records and the decisions of the supreme court that matter may be repleaded which has not only been eliminated

by express order, but which would be brought within the law of the case in any event, and thus neutralized and destroyed, by the mere introduction of the written indemnity at the trial. Nor are courts so impotent that chicanery cannot be frowned upon, or playing fast and loose with courts of justice prevented.

The order is affirmed.

We concur: Chipman, P. J.; McLaughlin, J.