NOEL v. HORTON.

50   687
d138  165

1. **Fraudulent Representations; SUBJECT-MATTER.** Fraudulent representations, relating not to the subject-matter of the contract, but to mere matters of collateral inducement, will not justify the setting aside of a contract or conveyance.

2. ———: ———: RULE APPLIED. Plaintiff, having a tax deed to certain. land, was induced by representations of the defendant to the effect that the land covered by the tax deed was in fact the property of his father, although the title had been fraudulently procured by the mother, and by appeals to his charity, to convey to the defendant, upon payment by the latter of the amount which would have been necessary to redeem.: *Held*, that the representations were not of a character entitling plaintiff to relief.

*Appeal from Dallas District Court.*

FRIDAY, APRIL 25.

THE plaintiff filed his amended and substituted petition as follows:

"1.   That on the ——— day of December, 1877, the plaintiff was the absolute and unqualified owner of the following described real estate situated in Dallas county and State of Iowa, to wit:   The southeast quarter of section No. thirty-six (36), in township No. eighty-one (81) north, of range No. twenty-seven (27) west of the fifth P. M., Iowa.   That said real estate on said date was of the reasonable value of one thousand dollars.

"2.   That plaintiff held and owned said land by virtue of a tax deed, made and delivered to plaintiff by the county treasurer of said Dallas county, Iowa, on a certificate of sale of said lands for the delinquent taxes thereon for the year 1873.

"3.   That on or about the twenty-first day of December, 1877, the said defendant, for the purpose of inducing the plaintiff to convey said lands to said defendant for a mere nominal consideration, to wit: by defendant paying to plaintiff only the sum of money necessary to redeem said land from

said tax sale on the date prior to the execution of the said deed to plaintiff therefor, said defendant verbally represented to the plaintiff that while as a fact the record title and apparent ownership of said land, prior to plaintiff's tax deed therefor, was in said defendant's mother, Elizabeth Horton, but in truth and in fact the equitable right and ownership of said land, prior to plaintiff's tax deed thereon, was in the defendant's father, ———— Horton; that the defendant's said mother had prior thereto, by fraud, legal proceedings and compulsion, obtained the entire apparent ownership and control of all the estate of his said father, amounting in all to about the value of twenty thousand dollars, and thereafter abandoned defendant's said father (who was, at this said time, aged and infirm), thereby leaving him destitute of the means and property for his present support and the support of defendant's two younger brothers, who were unable to earn their own support and care for themselves, as well as a sister of defendant who was, on the date of said representations so made by defendant, in the last stages of consumption, and that said sister required the constant care and attention of the defendant; that by reason of the destitution and poverty of defendant's said father, produced as above stated, the defendant further represented to plaintiff that defendant was then obliged and compelled to care for and support said consumptive sister, and was at said time caring for and supporting said sister at his own expense; that the said tract of land aforesaid was in fact the only property undisposed of by his said mother prior to said tax sale, of his father's entire estate; that his said mother had squandered all of said estate obtained as aforesaid, and that she was then penniless and wholly unable to redeem said land from said tax sale and deed. Defendant further represented to plaintiff that a conveyance of said land to defendant at the consideration necessary only in amount to redeem the same, to wit: one hundred and three dollars, would, in view of all the facts represented as aforesaid, be an act of charity on the part of the plaintiff toward defendant.

Noel v. Horton.

and his said consumptive sister, and materially aid and assist them; that defendant had only by accident learned a short time prior thereto that said land had been sold for taxes and remained unredeemed, and inasmuch as his consumptive sister needed and required his constant and immediate attention, and who then resided in a foreign State, at the home of defendant, said defendant desired plaintiff to at once convey said land to defendant, and thereby aid defendant in support his said consumptive sister, and at once enable defendant to return to her assistance without further delay.

"4. Plaintiff avers that believing the truth of said representations so made by said defendant as aforesaid, and wholly relying thereon, plaintiff was, in consideration thereof, thereby induced to convey said land to defendant, the said defendant at the time offering to pay to the plaintiff simply the amount of money necessary to pay to redeem said land from said tax sale on the date of the deed therefor, to-wit: the sum of one hundred and three dollars, being about one-tenth part of the value of said land, which said sum of money was paid by defendant to plaintiff, and recited in the deed as the sole consideration thereof. Plaintiff further avers that had it not been for said representation made by said defendant to plaintiff as aforesaid, whereby and in consideration whereof plaintiff was induced to convey said land to defendant for the purpose of aiding and assisting defendant and his consumptive sister, plaintiff would not have conveyed said land to defendant, but would have demanded of defendant, before conveying said land to defendant, the payment of the full value of said land, and not otherwise. Plaintiff further avers that the sum of money named in said deed is not the true consideration for said conveyance, but the same was and is simply the amount offered by defendant as a further inducement to plaintiff to part with said title to said land for the purpose aforesaid, and had it not been for said representations aforesaid the said sum would have been no inducement or consideration to plaintiff in parting with said land.

"5.   Plaintiff further avers and charges the fact to be that each and all of said statements and representations so made by said defendant to plaintiff as aforesaid were and are wholly false and untrue, and so known by said defendant to be false and untrue at the time the said statements and representations were so made by defendant to plaintiff, and at the time and date of said defendant's receiving the said conveyance for said land from plaintiff, defendant well knew that plaintiff wholly relied on the truth of his said representations, and was induced thereby to convey said land to defendant for the consideration of aiding the defendant and his sister, and at a money consideration of about one-tenth of the real value of said land, and that, at the date of the delivery of said deed to said defendant by plaintiff, defendant well knew each and all of said statements and representations to plaintiff to be false and untrue.   Plaintiff further avers that said statements and representations so made by said defendant to plaintiff were made by defendant with the intent and for the purpose of cheating, wronging and defrauding plaintiff and obtaining the title to said land for a mere nominal consideration, and to avoid paying plaintiff the reasonable value thereof.

"6.   Plaintiff avers that he is ready and willing to restore to said defendant the amount of the consideration paid by him to plaintiff, recited in the deed conveying said land to the defendant, and interest thereon.

" Wherefore plaintiff asks the decree of this court that said sale and conveyance of said land to said defendant be declared fraudulent and void, and of no force and effect; that said deed of conveyance be cancelled on the proper record thereof by the clerk of this court in the manner provided by law in such cases, and that plaintiff's title in and to said premises be quieted as against the said defendant and all persons claiming said premises by, through or under said defendant, and that plaintiff have such other full and complete relief as may seem meet and equitable in the premises, with costs."

The defendant demurred to the petition upon the ground that the representations alleged in no manner affect the subject-matter of the contract. The court sustained the demurrer. The plaintiff refused to further plead, and elected to stand upon his petition, and the court rendered judgment against him for costs. The plaintiff appeals.

*Perkins & Barr* and *White & Woodin,* for appellant.

*A. R. Smalley,* for appellee.

DAY, J.—The representations relied upon relate to matters of mere collateral inducement, and not to matters affecting the essence and substance of the contract. The plaintiff knew that he was under no legal obligation to execute the conveyance or to permit redemption. No representation was made to induce him to believe that any such legal obligation existed, or that any legal compulsion could be employed. If the defendant had falsely represented that the owner of the land at the time of the tax sale was a minor or a lunatic, or that the taxes had been paid before the sale, and, relying upon such representation, plaintiff had executed the conveyance, a very different question would be presented. Representations of this character would directly affect the subject-matter of the contract. But the representations made relate to the relation and condition of the defendant, not to the land in question, but to matters of an entirely collateral character. The representations were calculated simply to arouse the sympathy of the plaintiff, and to induce him, from charitable motives, to do voluntarily what he knew he was under no legal obligation to do. However reprehensible, *in foro conscientiæ,* the conduct of the defendant may be, it does not furnish any basis for equitable relief. No false impression was created in the plaintiff's mind as to anything inhering in the subject-matter of the contract. As to the distinction between legal and

1. FRAUDULENT representations: subject-matter.

moral obligations see 2 Parsons on Contracts (5th Ed.), 767–769; 1 Story's Equity Jurisprudence, § 194.

AFFIRMED.