## BLAIR v. BUTTOLPH.

1. **Contract**: WRITING: ORAL CONDITIONS EXCLUDED. Where defendant entered into a written contract to pay money upon a single condition named in the contract, *held* that it was incompetent to plead in defense the violation of other alleged oral contemporaneous conditions. (Compare *Gelpcke v. Blake*, 19 Iowa, 263, and *Courtwright v. Strickler*, 37 Id., 382.)

2. ———: FRAUDULENT REPRESENTATION AS DEFENSE: WHEN NOT AVAILABLE. A false representation, to afford ground of relief against a contract, must relate to the subject-matter of that contract. (*Noel v. Horton*, 50 Iowa, 687.) So, where the sole condition of a subscription to a railroad company is that the road shall be built to A., a false representation made to the subscriber at the time, that the company had the means to build the road to B., and that it would be so built within a year, was immaterial in an action on the subscription.

*Appeal from Hardin Circuit Court.*

THURSDAY, JUNE 16.

ACTION on the following written instrument:

"One year after the Chicago, Iowa & Dakota Railroad shall be completed to Iowa Falls, if completed by September 1, 1884, I promise to pay the said construction company three hundred and twenty-five dollars, being one-half my subscription in aid of said railroad.        J. T. BUTTOLPH."

The defendant answered that the consideration for his undertaking in the instrument had failed; also that his signature thereto was obtained by fraud. The circuit court sustained a motion to strike out the allegations of fraud, and a demurrer to the divisions of the answer in which the failure of consideration was pleaded. Defendant electing to stand on his answer, judgment was entered against him for the amount due on the contract, and from that judgment he appeals.

*S. M. Weaver* and *John F. Duncombe*, for appellant.

*C. E. Albrook*, for appellee.

REED, J.—I.  In the paragraphs of the answer demurred to defendant alleges that part of the consideration of the contract in suit was the verbal promise and agreement of the corporation to which it was given that it would construct and complete its line of railroad from Iowa Falls to Forest City, in Winnebago county, within one year after the date fixed in the contract for the completion of the road to Iowa Falls; and that said company had not only failed to perform its undertaking in that respect, but had entirely abandoned the project of building the road between those points. We think it very clear that, under familiar and well-settled rules of law, the defendant cannot avail himself of the matters thus pleaded as a defense. His undertaking was that he would pay the specified sum of money upon the performance by the other party of the single condition named in the contract. By the terms of the written instrument, the performance of that condition is made the sole consideration for his promise to pay the money. In the paragraphs of the answer in question he alleges that he was induced in part to enter into the agreement by another promise, entirely different and distinct from that, and that that promise has been broken. But when the parties, by their writing, made the completion of the railroad

1. CONTRACT: writing : oral conditions excluded.

to Iowa Falls within the specified time the condition upon which his liability to pay the money should accrue, they definitely fixed that as the condition of the contract, and the conclusive presumption is that all other conditions were excluded. When, by the express terms of the written agreement, a particular condition is made the consideration for the undertaking, it is no more competent to contradict or vary its terms by parol evidence, as to the consideration by which it is supported, than as to its other conditions. *Gelpcke v. Blake*, 19 Iowa, 263; *Courtwright v. Strickler*, 37 Id., 382.

II. The averments of the answer which were stricken out by the circuit court are, in substance, that defendant was induced to enter into the contract by the false representations of an agent of the railroad company, that the means for the construction and completion of the road between Iowa Falls and Forest city were already provided, and that it would be completed between those points within one year after its completion to Iowa Falls. As we have already said, what the parties actually contracted for, was the construction and completion of the road to Iowa Falls, within the specified time. The performance of that undertaking by the railroad company was the condition upon which defendant should become liable to pay the money, and there is no complaint that that condition has not been performed. That particular thing is the subject-matter of the contract. But the alleged false representations related to a matter quite distinct from that, and with reference to which the parties made no contract whatever. A false or fraudulent representation, to afford grounds of relief against a contract which the parties have entered into, must relate to the subject-matter of that contract. *Noel v. Horton*, 50 Iowa, 687.

The orders of the circuit court sustaining the demurrer, and the motion to strike from the answer the allegations of fraud, are therefore right, and the judgment will be

AFFIRMED.