THE FIRST FREE-WILL BAPTIST PARISH of FARMINGTON
*vs.*
MOSES PERHAM.

Franklin. Opinion July 21, 1892.

*Evidence. Contracts. Subscription Paper.*

Oral evidence cannot be admitted to alter or vary a written contract, nor to engraft thereon conditions inconsistent with its terms.

In an action to recover the defendant's subscription for building a meeting-house, he offered to prove that when he signed the paper it was the understanding on his part that another person should subscribe an equal amount, and that he, the defendant, should not be required, in any event, to pay any more than such other person. The court at the trial excluded the offered evidence, and also other offers of oral proof of what was said, or understood, at the time of signing the paper. *Held;* correct.

ON EXCEPTIONS.

This was an action of assumpsit brought by the plaintiff against the defendant to recover a subscription of five hundred dollars, given as claimed by the plaintiffs to help build a church in West Farmington. After the conclusion of the testimony, the presiding justice ordered a *pro forma* verdict for the plaintiffs for the amount of said subscription with interest from date of the writ.

Plea, general issue, and brief specification of grounds of defense as follows: 1st: The said defendant says, that if any

promise was made by him with said plaintiffs, or their authorized agent or agents, it was not for the payment of five hundred dollars, but only to pay so much as T. McL. Davis should pay. 2nd : That if the said plaintiffs have any promise of said defendant in writing, it was given upon the condition that he should only pay what the said T. McL. Davis paid.  3d : That the said promise, if any was made in writing, it was made upon the representations of one Manly Bean, assuming to act as agent of the Free Baptist society of Farmington, and not to these plaintiffs, that said T. McL. Davis was to pay five hundred dollars, which representations the said defendant believed and by reason of which he promised whatever sum he did subscribe, if anything, and which representations the said Bean knew were not true.  4th : That the plaintiffs, in this suit were organized, if at all, as a parish, for the sole purpose of maintaining a church and parsonage in Farmington Centre Village ; and that they have no lawful right to build or maintain a church at any other place or to expend money for the same.

The presiding justice excluded the evidence offered by the defendant under these specifications of his defense.  The defendant excepted to the orders and exclusions of evidence.

*S. Clifford Belcher*, for plaintiff.

*J. C. Holman* and *J. P. Swasey*, for defendant.

The action is not maintainable and the *pro forma* verdict should be set aside for the following reasons :

First : Because the case fails to show any authority on the part of the plaintiffs to build or maintain a church at West Farmington ; but on the contrary, the case does show that the society was incorporated, if at all, for the purpose of maintaining a church at Farmington Centre Village and that they have and are still so doing.

Secondly : That there was no consideration for the promise, inasmuch as the case does not show that the money had been pledged or expended by the promisees before the promise was revoked and notice given by the defendant to the plaintiffs' agent that he should not pay.  *Cottage Street Church* v. *Kendall*, 121 Mass. 528 ; *Amherst Academy* v. *Cowls*, 6 Pick. 427 ; *Maine Cent. Institute* v. *Haskell*, 73 Maine, 140.

At no time during the building of the church was the subscription paper in the hands or possession of the plaintiffs, but the money subscribed thereon was paid to and the paper retained by Bean who solicited the subscription and, at no time, while the transactions and agreements and representations offered and suggested by the defense were taking place and made, was the paper out of the hands or control of said Bean; and before the plaintiffs had ever had possession of it, the defendant had notified him of the fact that he should pay only sixty dollars, as he had agreed to pay only what Davis paid, and had tendered him the money.

The evidence of the conversation and representations of Bean at the time of Perham's signing the paper should have been admitted; for " if they were falsely intended to induce Perham to believe in the existence of some other material fact and it had the effect of producing such belief to his injury, it was a fraud." If the representations made by Bean as to the amount of Davis' subscription were false and known to Bean to be so, and by reason of them Perham was induced to sign for five hundred dollars instead of sixty dollars, it was such a fraud on Perham as would relieve him from his contract if it was otherwise legal and binding, and for the purpose not of changing the contract, but to show the fraudulent representations and inducement, it was admissible and material. *Tripp* v. *Hathaway*, 15 Pick. 47; *Trambly* v. *Ricard*, 130 Mass. 259; *Jewett* v. *Carter*, 132 Mass. 335; 1 Bigelow on Frauds, 1, pp. 174 and 497.

WALTON, J.   This is an action to recover five hundred dollars subscribed by the defendant towards the building of a meeting house.   At the trial in the court below, the defendant offered to prove that, when he signed the paper declared on, it was with the understanding on his part that a Mr. Davis should subscribe for an equal amount, and that he (the defendant) should not be required in any event to pay more than Mr. Davis paid.   This, and similar offers, the effect of which would have been to engraft upon the written contract oral conditions inconsistent with its terms, were rejected by the presiding

justice; and no valid ground of defense being otherwise shown, he instructed the jury to return a verdict for the plaintiff for the amount of the subscription with interest from the date of the writ. We think the ruling was correct. We have carefully examined all the offers of evidence made by the defendant. They all contain the vice of an attempt to alter or add to the terms of a written contract by oral proof of what was said, or understood, at the time of signing it. And we think the offers were all properly rejected.

*Exceptions overruled. Judgment on the verdict.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.