First State Bank v. Noel.

THE FIRST STATE BANK, of Hawkeye, Iowa, Respondent, v. R. D. NOEL, Appellant.

**Kansas City Court of Appeals, May 5, 1902.**

1. **Justices' Courts:** AMENDMENT: CHANGE OF NAME. Plaintiff instituted its action in the justice's court by the name of "State Bank." On appeal, after the hearing but before judgment, the name was changed to "First State Bank:" *Held,* no error.

2. ———: STATEMENT: PROMISSORY NOTE: TRANSFEREE. In a justice's court, the filing of a note alone is sufficient and no statement is necessary showing how plaintiff holds the note.

3. **Appellate Practice:** DEPOSITIONS: RECORD. The appellate court will not review the fact whether a deposition is taken at the proper place or not, when the record does not show where the deposition should be taken.

4. **Evidence:** DEPOSITIONS: OBJECTIONS. General objection to the competency of a deposition is properly overruled if any part of it is competent; and the objection must go to the specific part that is questioned.

5. ———: NOTE:. VARYING: CONSIDERATION. A note was payable when a telephone line reached a certain point. In an action on such note it was not competent to show that the telephone line was to reach that point by a given time, since that would be adding to the written contract; but the consideration of such instrument is open to inquiry.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

AFFIRMED.

*J. R. Nicholson* and *George Bird* for appellant.

(1) The justice did not acquire any jurisdiction over the subject-matter of the controversy, because the instrument

filed as the basis of the suit did not disclose any cause of action in favor of plaintiff against defendant. The court should have sustained defendant's objections to the introduction of the contract in evidence. Smith v. Zimmerman, 29 Mo. App. 249; Pattison v. Lutz, 1 Mo. App. 133. (2) Even in a suit to recover on negotiable promissory note, an indorsement itself of such note, unsupported by evidence *aliunde,* is insufficient to show title in plaintiff; much less, then, a contract such as the one sued upon in this case. Bank v. Pennington, 42 Mo. App. 355. (3) Plaintiff must show compliance with his contract before he can recover. The uncontroverted evidence shows that the telephone lines were to have been built to Daugherty within ninety days after date of contract, and that they were not built for six or eight months thereafter, and that defendant was not furnished with telephone service after the line had been built as the contract provided. Freeman v. Aylor, 62 Mo. App. 613; Eyerman v. Association, 61 Mo. 489. (4) On an appeal from the justice of the peace, the circuit court can not substitute a new party plaintiff. Altheimer v. Teuscher, 47 Mo. App. 284; Durnin v. Waddingham, 12 Mo. App. 145; Clements v. Greenwell, 40 Mo. App. 589; Courtney v. Sheehey, 38 Mo. App. 390.

*Givan & Glenn* and *F. F. Rozzelle* for respondent.

(1) Plaintiff had possession of the instrument sued on, properly indorsed by the payee, and this was evidence of ownership. Dorn v. Parsons, 56 Mo. 601; Cavitt v. Tharp, 30 Mo. App. 131; Rice v. McFarland, 41 Mo. App. 489; Keim v. Velte, — Mo. App. —; Hoyt v. Davis, 21 Mo. App. 239; Evans v. White, 86 Mo. App. 543; Green v. Reserve Association, 79 Mo. App. 182; Ward v. Pine, 50 Mo. 39; 1 Enc. Pld. and Prct., pp. 663-5. (2) The written agreement in note covers all the contract. James v. Clough, 25 Mo. App. 147; Organ Co. v. Swarzell, 61 Mo. App. 490; Higgins v.

Cartwright, 25 Mo. App. 609; Reed v. Nicholson, 37 Mo. App. 646. (3) Want of consideration is waived by the acceptance of the thing purchased. Black River L. Co. v. Warner, 93 Mo. 386; Crawford v. Elliott, 78 Mo. 497; Stevens v. Mackay, 40 Mo. 224. (4) One who continues to hold chattels purchased will not be permitted to deny consideration for his promise to pay for them. Botts v. Spencer, 42 Mo. App. 185; Morrison v. Edgar, 16 Mo. 411; Bohlmann v. Rossi, 73 Mo. App. 315. (5) Subscriber to stock of a corporation can not relieve himself from payment of stock by plea that the subscription was conditional and condition had not been complied with. Wells v. Thompson Mfg. Co., 54 Mo. App. 44; McDermott v. Donegan, 44 Mo. 90; Joy v. Manion, 28 Mo. App. 60; K. C. Hotel v. Harris, 51 Mo. 466. (6) Where a subscription is absolute on its face, no extrinsic or collateral agreement between the subscriber and promoter, or agent, can be shown in evidence to discharge liability. Ollesheimer v. Thompson Mfg. Co., 44 Mo. App. 182; Hotel Co. v. Wright, 73 Mo. App. 242; Wells Co. v. Thompson Mfg. Co., 54 Mo. App. 44. (7) This suit was brought in the name of the real party in interest, perhaps, technically speaking, not the real name of the party in interest. The trial court had a right to amend the record to show the correct name of the real party in interest. Evans-Smith Drug Co. v. White, 86 Mo. App. 540; Parry v. Woodson, 33 Mo. 347; Beattie v. Hill, 60 Mo. 73; Harris v. Railroad, 23 Mo. App. 331; Sheridan v. Nation, 159 Mo. 42; R. S. 1899, secs. 657, 4071, 4079; Rohrbough M. & Co. v. Reed Bros., 57 Mo. 293; Lilly v. Tobbein, 103 Mo. 477; Guenther v. Agolor, — Mo. App. —; 1 Enc. Plead. and Prac., p. 537; Whitehill & Son v. Keen, 79 Mo. App. 129; Hunter v. Kansas City, 158 Mo. 271.

BROADDUS, J.—This action was commenced before a justice of the peace in Cass county, by filing the following writing, viz.:

"$100          Daugherty, Mo., May 31, 1898.

"When the lines of the Standard Telephone Company of Missouri are built to Daugherty, Missouri, I promise to pay to the order of Chas. Webster, trustee, at Union National Bank, Kansas City, Missouri, one hundred dollars, value received, with interest at eight per cent per annum, after line reaches the above written town. If default be made in the payment of this note at maturity and the same is collected by legal process, we hereby agree, for the consideration aforesaid, that a sum equal to ten per cent of the total amount found to be due shall be added thereto as liquidated damages, and said damages shall be added to the judgment as part of the principal. (Signed) R. D. Noel."

On said writing were the following indorsements: "Charles Webster, trustee." "Pay to Bank of Harrisonville, or order, for account of First State Bank, Hawkeye, Iowa. M. V. Henderson, Jr., Cashier."

The suit was instituted in the name of the State Bank of Hawkeye, Iowa, but after the case was appealed to the circuit court the plaintiff, on motion, was allowed to change the name of the plaintiff to that of the First State Bank of Hawkeye, Iowa. To this the defendant objected, and refused to further answer in the case. This amendment was made after the case had been heard, but before judgment was rendered. We do not think there was any error in permitting the change, as it did not amount to a substitution of another and different plaintiff, but was merely the correction of a mistake in the name of the plaintiff. The record and evidence had at the trial showed that the name of the plaintiff was the First State Bank of Hawkeye, Iowa, instead of State Bank of Hawkeye, Iowa. Section 657, Revised Statutes 1899, provides for such an amendment. Ward v. Pine, 50 Mo. 38; Beattie v. Hill, 60 Mo. 73.

It is further contended by defendant that his demurrer

to the plaintiff's case should have been sustained because the instrument on which the suit is based does not show on its face any cause of action existing in favor of plaintiff and against defendant. The instrument in suit was indorsed by the payee in blank, and by the plaintiff to Bank of Harrisonville for collection, but independent of this evidence of ownership, in Collins v. Burrus, 66 Mo. App. 70, it was held that no statement was necessary in a justice's court, in a suit upon a promissory note, in the name of the transferee against the maker, "the filing of the note being sufficient; and this is the law notwithstanding the note is payable to the order of a person named therein and does not bear the indorsement of the payee, nor show how the plaintiff derived his title."

On the trial plaintiff read the deposition of S. H. Bevins, over the objections of the defendant, to the effect that it was not taken at the place designated in the notice, and this is assigned as error; but as the notice is not to be found in the defendant's abstract of record, we do not know whether his contention is true in that respect or not. Defendant made the further objection that the statements of witness in his deposition were irrelevant, incompetent, immaterial, and are conclusions and not a statement of facts. This objection was overruled, and properly overruled, for a party will not be permitted, to make such a general objection, if any part of the deposition is competent evidence. It is the duty of a party to point out such part of the evidence in a deposition as he thinks is incompetent, so that the court may know what it is called to pass upon. The defendant then made an objection to a certain part of said deposition, which the court sustained. The defendant's objections resulted in having it all excluded except the statement that the note in suit belonged to the plaintiff, and as this had already been made to appear, we can not see how he was injured by any ruling of the court as to the admission of said deposition in any respect.

The defendant attempted to defeat the note in suit by

testifying that at the time it was executed, he supposed it was to be made payable to the Standard Telephone Company of Missouri, and that he was induced to sign it on the understanding that he was to have the free use of the lines of the company; and that it was further represented to him that the line would be completed to Daugherty within ninety days from the contract, whereas it was not completed to Daugherty until six or eight months thereafter. The court, sitting as a jury, heard all the evidence and found against the defendant. It was competent for defendant to show the consideration for the note and he was allowed to introduce evidence going to show what that consideration was, but he was not entitled to prove that the lines of telephone were to be completed to Daugherty in ninety days, or any other specified time, for the writing does not fix any date whatever for that purpose, but it does fix the completion of the line to that point as the time when the note shall be due and payable. It is not competent to add to, or take from a written contract by verbal statements —statements made at the time and anterior to its execution— for all such are merged in the writing.

We think the defendant had a fair hearing, and that the judgment of the court upon both the questions of law and fact in the case was correct, and for that reason the cause is affirmed. All concur.