J. H. THOMPKINS, A. L. Brush, N. Davis, Wm. Dunnell, C. L. Prescott, P. B. Anderson, W. A. Hall, Eugene Teutsch, and F. B. Lambert, as Trustees of the Vincent Methodist Episcopal Church of Minot, North Dakota v. D. A. DINNIE.

(130 N. W. 935.)

### Subscription — Contributions and Performance Thereof.

1. The appellant signed a subscription to aid in the erection of a new church. The subscription paper which he signed read: "In consideration of our mutual promise, we, the undersigned, promise and agree to pay to. . . . All subscriptions are due and payable, unless otherwise stipulated on this list, one half when the contract for the building is let, and one half when it is inclosed, and it is expressly understood that these subscriptions shall not be binding until at least $6,000 is subscribed or provided for in aid of the work."

*Held*, that the subscriptions became binding when $6,000 was subscribed or provided for.

### Subscriptions — Actions — Evidence.

2. Plaintiff submitted evidence tending to show that all the conditions of the subscription paper had been complied with on the part of the respondent. Appellant offered to prove a parole agreement with the pastor of the church, that his subscription should not be binding unless the pastor who took it continued as pastor of the church, and that he did not so continue; and that he undertook to cancel his subscription when only about $3,000 was subscribed.

*Held*, that the offer was ineffectual, and that the trial court did not err in excluding the evidence in accordance with the offer, because it was expressly stated by counsel for appellant that he could not show that his subscription was in fact canceled, and he did not offer to prove that $6,000 was not provided for when he attempted to cancel his subscription.

Opinion filed March 22, 1911.

Appeal from District Court, Ward county; *Burr*, Special Judge.

Action by J. H. Thompkins and others against D. A. Dinnie. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*R. H. Bosard* and *G. W. Twiford,* for appellant.

Until the amount to be raised on which a subscription is to be bind-

Note.—Admissibility of evidence of collateral parole agreements to vary terms of written contract generally, see note in 17 L.R.A. 273.

21 N. D.—20.

ing is so raised, the subscriber is not bound, and can cancel his sub-scription.    Stewart v. Hamilton College, 2 Denio, 403; Barnes v. Perine, 9 Barb. 202; Johnston v. Wabash College, 2 Ind. 555.

Until an expense has been made or money expended on the faith of a subscription list, a subscriber may cancel his subscription.    9 Cyc. Law & Proc. p. 332.

Unless the subscriber made a valid contract to pay, whether a requisite amount was subscribed by others or not, his act was a mere offer subject to revocation.    Rogers v. Galloway Female College, 64 Ark. 627, 39 L.R.A. 636, 44 S. W. 454; Grand Lodge, I. O. G. T. v. Farnham, 70 Cal. 158, 11 Pac. 592; McClure v. Wilson, 43 Ill. 356; Richelieu Hotel Co. v. International Military Encampment Co. 140 Ill. 248, 33 Am. St. Rep. 234, 29 N. E. 1044; Cottage Street M. E. Church v. Kendall, 121 Mass. 528, 23 Am. Rep. 286; Twenty-third Street Baptist Church v. Cornell, 117 N. Y. 601, 6 L.R.A. 807, 23 N. E. 177; Bohn Mfg. Co. v. Lewis, 45 Minn. 164, 47 N. W. 652; Wallace v. Townsend, 43 Ohio St. 537, 54 Am. Rep. 829, 3 N. E. 601.

Revocation before the amount to be raised was subscribed canceled the subscription.    American L. Ins. Co. v. Melcher, 132 Iowa, 324, 109 N. W. 805.

*F. B. Lambert,* for respondent.

That subscription list was signed upon certain conditions outside of the list cannot be shown.    Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Barnard & L. Mfg. Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Mettel v. Gales, 12 S. D. 632, 82 N. W. 181; Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Cottage Hospital v. Merrill, 92 Iowa, 649, 61 N. W. 490; University of Des Moines v. Livingston, 57 Iowa, 307, 42 Am. Rep. 42, 10 N. W. 738; Blair v. Buttolph, 72 Iowa, 31 33 N. W. 349; Kelly v. Chicago, M. & St. P. R. Co. 93 Iowa, 436, 61 N. W. 957; McDonald v. Gray, 11 Iowa, 508, 79 Am. Dec. 509; Athol Music Hall Co. v. Carey, 116 Mass. 471.

A subscription to a common object with others, though gratuitous, creates a legal liability.    Christian College v. Hendley, 49 Cal. 347; Berkeley Divinity School v. Jarvis, 32 Conn. 412; Somers v. Minor, 9 Conn. 458; North Ecclesiastical Soc. v. Matson, 36 Conn. 26; Norton v. Janvier, 5 Harr. (Del.) 346; Kentucky Baptist Edu. Soc. v. Carter, 72 Ill. 247; Johnston v. Wabash College, 2 Ind. 555; Snell v. Methodist Episcopal Church Soc. 58 Ill. 290; McDonald v. Gray, 11

Iowa, 508, 79 Am. Dec. 509; First M. E. Church v. Donnell, 95 Iowa, 494, 64 N. W. 412; Kentucky Female Orphan School v. Fleming, 10 Bush, 234; Parsonage Fund v. Ripley, 6 Me. 442; Church & Congregation v. Stetson, 5 Pick. 506; Fisher v. Ellis, 3 Pick. 322; Williams College v. Danforth, 12 Pick 541; Thompson v. Page, 1 Met. 565; Ladies' Collegiate Institute v. French, 16 Gray, 196; Bohn Mfg. Co. v. Lewis, 45 Minn. 164, 47 N. W. 652; Comstock v. Howd, 15 Mich. 237.

SPALDING, J.  This action was brought on a subscription made by the defendant and appellant toward a fund being raised in July, 1905, with which to erect a new Methodist Episcopal Church in Minot.  Plaintiffs and respondents are the trustees of that church.  The complaint alleges the incorporation of the church, the trusteeship of the plaintiffs, that in 1905 the then trustees were contemplating the erection and furnishing of a new brick church in the city of Minot, and that defendant, to enable the plaintiffs to complete the building, and in consideration of the like agreement and subscription of other parties, subscribed in writing and promised to pay $100 for that purpose, under a contract in the following form, to wit:

### M. E. Church Subscription.

In consideration of our mutual promise, we, the undersigned, promise and agree to pay to the Trustees of the Vincent Methodist Episcopal Church of Minot, North Dakota, the amounts set opposite our respective names toward the erection and furnishing of a new brick church costing not less than ten thousand dollars ($10,000), to be erected either in the year 1905 or 1906 on the site where the old church stands. All subscriptions are due and payable "unless otherwise stipulated on this list," one half when the contract for the building is let and one half when it is inclosed, and it is expressly understood that these subscriptions shall not be binding until at least six thousand dollars ($6,000) is subscribed or provided for aid in the work.

That, relying on said subscription of the defendant, the plaintiffs let the contract for the completion of such building and built the same, and expended the sum of more than $12,000, and incurred liabilities to the amount of $6,000 more in doing so, and that they have performed

all of the conditions of said subscription agreement; that no part of the defendant's subscription has been paid.

For answer, the incorporation, trusteeship, and purpose of building a new church are admitted. Defendant then alleges that in the year 1905, one DeLong was pastor of the Methodist Episcopal Church of Minot, and that said DeLong requested the defendant to subscribe towards the erection of the church, and that the defendant signed the subscription list upon the express condition made with said De Long at the time of signing the same, that his subscription was not to be binding or of any force or effect unless said De Long remained as pastor of said church; that prior to the erection of the church, DeLong was transferred from Minot, and that, prior to his leaving, defendant's subscription was canceled and rescinded, and the said trustees were notified of such cancelation and rescission prior to the incurring of any liability whatsoever.

On the trial of the action it was shown by plaintiffs that the church was built in the spring of 1906 and cost $17,000, and was built on the site where the old church stood; that they got subscriptions for the whole amount, and that the contract was let for $13,800, without extras; that defendant had not paid his subscription; that the church was completed in December, 1906, when the amount necessary to complete the payments therefor was raised, and that prior to DeLong's leaving Minot he turned the subscription list, which he had circulated, over to the president of the board of trustees.

The defendant attempted to show by parole evidence that, prior to leaving Minot, DeLong took the subscription list to the trustees, after his services were finished and he was about to leave, and checked it over with them as to the amount that was subscribed, and also the amount that they considered good on the subscription list, and, at that time, notified them in regard to appellant's request that he be released, and as to what he advised the appellant, but stated to the court that he could not show that the board agreed to release him. This evidence was excluded on objection, and he then attempted to show a conversation between him and DeLong at the time his subscription was taken, showing the conditions set forth in the answer. He was not permitted to show these things. After both parties rested, plaintiffs made a motion for a directed verdict, and at the suggestion of the court the defendant made an offer to prove that at the time of the signing of

the subscription it was signed on the condition that said DeLong remain in Minot as pastor of the church, and should proceed with the building thereof; that in October, 1905, he was transferred therefrom to Fargo, at which time no steps had been taken toward the building of the church described, and no obligations incurred on that account, and that at said time there was subscribed for the purpose named only about $3,000; that immediately prior to the time that DeLong left Minot he advised defendant that he was going to leave, and that thereupon, and prior to his leaving, he notified the trustees that the defendant would not pay his subscription, on account of DeLong's leaving, and that they should cancel it; that thereafter DeLong advised the defendant that he had canceled the subscription.

The plaintiffs consented that the defendant might submit any proof as to the amount of the subscriptions that were made toward the building of the church in October, 1905, and also as to when DeLong was transferred from Minot, and offered suitable objection to proof as to the remainder of the offer, and the court permitted defendant to prove such facts, and denied the remainder of his offer; whereupon portions of the deposition of said DeLong were read; wherein he testified that Thompkins, one of the plaintiffs, was president of the board of trustees, and that he, DeLong, had about $3,000 subscription then, and that they considered $2,500 of it good. On renewing the motion for a directed verdict, it was granted.

Giving the most liberal construction to the contract of subscription signed by the appellant which it will bear, he may have been entitled to cancel his subscription before $6,000 had been subscribed or provided for. The contract reads that it shall not be binding "until." This might reasonably be construed as having been used in the sense of "unless," but taking it literally as intended to be binding only after the sum mentioned should be subscribed or provided for, it must be equally clear that it became binding on that sum being subscribed or provided.

The defendant did not attempt to show that the subscription paper which he signed when in the hands of DeLong was the only subscription paper circulated or in existence at that time. Neither did he offer to show that the sum of $6,000 had not been subscribed or provided for, his offer only covering the subscription paper of DeLong. It is within the knowledge of all, that provisions are made for the

erection of churches in other ways than by securing signatures to a subscription paper; and even though appellant had offered to show that DeLong's subscription paper was the only one in existence at any time, his offer would still have been insufficient in view of its not covering other methods of providing for funds to erect the church.

The evidence on the part of the plaintiffs tended to show that they never had been notified of any desire on the part of Dinnie to withdraw his subscription, and had no knowledge of the parole agreement claimed to have been made. It must be apparent that, not having offered to show that $6,000 was not subscribed or provided for, the parole evidence offered was inadmissible even from the standpoint and under the pleadings of the appellant. It follows that the judgment of the District Court must be affirmed. It is affirmed.

All concur, except MORGAN, Ch. J., not participating.

Goss, J., being disqualified, did not sit; Hon. W. H. WINCHESTER, Judge of the Sixth Judicial District, sitting in his place by request.