[Civil No. 1337. Filed May 16, 1914.]

[140 Pac. 816.]

## P. T. HURLEY, Appellant, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF PHOENIX, a Corporation, Appellee.

1. SUBSCRIPTIONS—FRAUD.—Where the execution of a subscription contract is induced by a fraudulent representation of fact, the contract is not binding on the subscriber, but the fraud must relate to the subject matter of the contract.

2. EVIDENCE—PAROL EVIDENCE—SUBSCRIPTION CONTRACTS—CONDITIONS. One who in writing subscribes to a fund to provide a building and site for a Y. M. C. A. in consideration of subscriptions of others, provided a specified sum is subscribed, is bound on his subscription on the performance of the specified condition, and he cannot, by parol, show other conditions.

[As to supplementing subscription contract by proof of collateral oral agreement, see note in Ann. Cas. 1914A, 458.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. Frank O. Smith, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

Appellee, a corporation, commenced this action to enforce the payment of a subscription contract executed and delivered by the appellant to a voluntary association of citizens acting for the purpose of soliciting such subscriptions, and by such association the contract was delivered to and became the property of the appellee. The following is the subscription contract in question:

"Young Men's Christian Association Building Fund.
"500.00.                    Phoenix, Arizona, April 4, 1907.

"For the purpose of providing a building and site for the Young Men's Christian Association of Phoenix, and in consideration of the subscriptions of others, provided at least $60,000.00 be subscribed, I promise to pay to the treasurer of the building fund, at the Phoenix National Bank, five hundred ($500.00) dollars payable as follows: One-fourth May

10th, 1907, one-fourth November 10, 1907, one-fourth May 10th, 1908.

"Or will pay in full on ———.

"(Signed) P. T. HURLEY."

The appellant did not pay any of the sums mentioned. The voluntary association organized the proposed corporation, the Young Men's Christian Association of Phoenix, the appellee, to which the property in all the subscription contracts was delivered. The subscription contracts thus procured and delivered exceeded in the aggregate $60,000. The appellee, through its agents, purchased a full city block for a consideration of $32,000, and selected a site for the proposed building from about a third part of the block purchased, and sold other parts of the block for an aggregate sum of $33,000.00, and donated to the city a part of the block for the purpose of a public park, with the right of a reversion to the appellee in case of nonuser by the city. In 1909 the association commenced the erection of a suitable building upon the site selected for that purpose, and completed the building in due course of time at an expenditure of $100,000. The appellant resisted payment for the reasons as set forth in his answer, because the persons soliciting the subscription for the benefit of the appellee "stated and represented to this defendant, and it was then and there made a condition of such subscription by the parties thereto: (1) That the proposed site to which said subscription had reference should be immediately selected, and should be an entire city block of ground, and the proposed building should be immediately erected thereon with suitable lawns and playgrounds about the same; (2) that the association which should own and control said site and building should be composed of subscribers to the said fund, and should be nonsectarian in character, and its privileges open to and for the benefit of all persons who might be believers in the Christian religion without discrimination as to sect, and especially to and for the benefit of the children of this defendant; (3) that the purposes of said association were to furnish, own, control, and manage a site and building for the Young Men's Christian Association of Phoenix and for no other purpose. This defendant shows that, believing and relying upon said representations and upon said conditions, without any information or knowledge that the same were in

any respect false or untrue, or that said persons soliciting said subscription or their successors would not in good faith carry out the terms and conditions of said subscription contract upon their part, this defendant made and delivered said subscription contract to said voluntary association."

The defendant alleges that "said representations so made as aforesaid were false and untrue, and that the said associated persons and their successors, the plaintiff corporation, have so violated the terms of, and refused to perform the conditions of such subscription on their part that this defendant was . . . fully discharged and released for all obligations thereunder, and immediately upon learning that said representations were false, and that said corporation had refused and intended to refuse to perform the conditions of said contract as aforesaid on their part, this defendant refused and still does refuse to pay anything whatsoever upon the said subscription contract."

The defendant alleges that the association, and as its successor, the corporation, at about the time the subscription contract was made, shortly thereafter did purchase an entire city block of ground in the city of Phoenix as a site for the proposed Young Men's Christian Association Building, and after a delay of more than two years commenced the erection of said building upon one corner of said block, upon ground less than one-fourth of the total area of said block, and the said building is not surrounded with or connected with lawns and playgrounds; that after long delays the building was completed, and the remainder of the said block, about three-fourths thereof, was sold by plaintiff, as sites for large buildings in no way connected with or used for the Young Men's Christian Association's purposes, and large buildings erected thereon; that the plaintiff and said voluntary association intended to, and did, sell off large portions of the tract of land purchased by them with the fund subscribed for the site for said Young Men's Christian Association Building, and did donate and give away other portions of such site contrary to the purposes for which said corporation was formed, and for which the said subscription was solicited and made by this defendant as aforesaid.

The delay in the selection of the site for the building, and the commencement of the erection of the building is alleged

to have been caused by no act or neglect of defendant, but on information and belief it is alleged such delay was occasioned and deliberately brought about by and at the request of the plaintiff corporation and its controlling officers.

As a breach of the second alleged condition of the subscription contract, defendant alleges that certain of the subscribers to the said fund, including the persons soliciting the subscriptions, organized the plaintiff corporation, and turned over to it the subscriptions of this defendant and others of like tenor, and therefore did so provide, in the articles of incorporation of said association and the by-laws thereof adopted, that no person or persons other than those in good standing as members of evangelical churches might be or could become active members of said association, or hold office therein, or control the management and affairs of said corporation and the building to be erected by it; that by reason of such provision, and the fact existing that this defendant and his children, being members of a church other than an evangelical church, thereby deprived this defendant and his children, for whose benefit said subscription was made, of all the right to active membership in said association, and of all right to vote in the management and control of said corporation and of its buildings and property and the election of its officers, and by reason of the violation of the said condition of the subscription contract such contract became void and of no effect.

The third condition inducing the defendant to enter into the subscription contract, as alleged, is alleged to have been violated in the manner following: " . . . Instead of confining the said association and corporation to the purpose for which this defendant's subscription was solicited and made, . . . immediately after said subscription had been obtained, commenced, and for two years continued to carry on, the business of speculating in real estate and the soliciting and taking of money from persons owning property in the said city of Phoenix in return for the influence of said association and corporation in the locating of public buildings on and near the property of said persons and on the property purchased by the said plaintiff corporation, and did succeed in inducing the location of the United States postoffice and courthouse, otherwise known as the Federal Building, on the said corporation's property, to the great enhancement in value of

the surrounding property owned by the persons who . . . had paid the said corporation for its influence in obtaining said location, and greatly to the loss and damage of other sections of the said city of Phoenix, in which and near which this defendant owned property, and where he and many other subscribers to said Young Men's Christian Association fund were desirous of having said Federal Building located, and where it might or would have been located except for the acts of said corporation.''

Defendant further alleges that at a time prior to the date when the site for the said building was purchased and located, or the building commenced thereon, this defendant notified the said corporation plaintiff of his refusal to pay his said subscription and the reasons therefor, and this defendant specifically denies that such site was purchased and said building commenced or erected with reliance upon the subscription of this defendant.

The plaintiff demurred and moved to strike certain parts of the second amended answer. The demurrer was overruled. The motion was granted; part of said answer, referring to the breach of the third condition of the subscription contract, inducing its execution and delivery by defendant, was ordered stricken. The cause was tried to a jury, which returned a verdict for the plaintiff. Judgment was rendered thereon. A new trial was refused, and this appeal is prosecuted from the order refusing a new trial and from the final judgment.

Appellant assigns as error the order granting the motion to strike, the order denying motion of defendant for judgment at the close of plaintiff's evidence in chief, in rejecting evidence, in refusing instructions requested by defendant in giving instructions, and in overruling defendant's motion for a new trial.

Messrs. Armstrong & Lewis and Messrs. Alexander & Christy, for Appellant.

Messrs. Kibbey, Bennett & Bennett and Mr. Barnett E. Marks, for Appellee.

CUNNINGHAM, J.—The defendant admits the execution and the delivery of the written instrument sued upon, and

admits that the subscription contracts procured aggregated $60,000, admits that the corporation for whose benefit and use the subscription contracts were solicited, procured, executed and delivered was organized, and it acquired the building site and erected the contemplated building thereon, and the building thereon has been appropriated to the purposes of the Young Men's Christian Association of Phoenix. Defendant admits: That he has not paid the sums mentioned in and by the terms of the contract he undertook to pay, and admits that demand for payment has been made, and that he has refused payment. Defendant in his answer has thereby confessed the cause of action, and seeks to avoid liability, for the reasons other conditions than expressed in the written contract were agreed to between himself and the person soliciting his contract, and such other conditions were falsely made for the purpose of inducing defendant to enter into the contract, and such conditions were not kept on the part of the plaintiff, nor were they, when made, intended to be kept. That such conditions largely influenced the defendant to make and deliver the contract sued upon, because he believed such other conditions would be faithfully kept and performed as agreed; therefore defendant was induced to and did execute and deliver said contract.

Do the matters set forth in defendant's answer constitute a defense? Are they sufficient to avoid the written undertaking? Can a party to a written contract defend upon the grounds that he was induced to execute the contract by reason of verbal conditions agreed upon, but not expressed in the instrument when executed and delivered by him?

The general rule is that: "If the execution of a contract to give a subscription is induced by a fraudulent representation of fact, it is not binding upon the subscriber; the fraud affords a defense. It is essential, however, that the fraud should relate to the subject matter of the contract." 37 Cyc. 493.

Defendant's undertaking was that he would pay the specified sum of money upon the performance by the other party of a single condition named in the contract, viz., provided that at least $60,000 be subscribed by others for the purpose mentioned. By the terms of the written instrument, the performance of that condition is made the sole consideration for his

promise to pay the money. In his answer defendant does not complain that that condition has not been performed. That particular condition is the subject matter of the contract. The alleged false and fraudulent representations complained of in the answer relate to matters quite distinct from the condition expressed in their contract, made the subject matter of this action, with reference to which false and fraudulent representations and conditions the parties made no contract whatever.

"A false or fraudulent representation, to afford grounds of relief against a contract which the parties have entered into, must relate to the subject matter of that contract." *Blair* v. *Buttolph,* 72 Iowa, 31, 33 N. W. 349, citing *Noel* v. *Horton,* 50 Iowa, 687.

It appears from the answer that defendant made some other agreements with the persons soliciting his subscription, by which agreements he undertook to promise to pay a like sum in consideration of the performance of certain conditions, and those conditions have not been performed. Under such circumstances the consideration for such contract and promise has failed, through the failure to perform the conditions agreed upon. That is not this case; defendant admits or does not deny that the condition expressed in the written contract as the consideration of his undertaking has been performed as agreed. Such is the contract here involved, and all other contracts, so far as this action is concerned, are wholly immaterial.

Another reason exists why the matters pleaded cannot be of avail to defendant as a defense to the action: By the terms of the written instrument the performance of the condition to procure the subscription of at least $60,000 from others, for the purpose of providing a building and site for the use and benefit of the Young Men's Christian Association of Phoenix, was made the sole condition and consideration of defendant's promise to pay the money. In his answer in question he alleges that he was induced in part to enter into the agreement by another promise or other representations entirely different and distinct from the condition appearing in the contract made and delivered, and that that promise or condition has been broken.

This presents the identical question considered by the court in *Blair* v. *Buttolph,* 72 Iowa, 31, 33 N. W. 349. In that case the court says: " . . . Defendant alleges that part of the consideration of the contract in suit was the verbal promise and agreement of the corporation to which it was given that it would construct and complete its line of railroad from Iowa Falls to Forest City . . . within one year after the date fixed in the contract for the completion of the road to Iowa Falls; and that said company had not only failed to perform its undertaking in that respect, but had entirely abandoned the project of building the road between those points. We think it very clear that, under familiar and well-settled rules of law, the defendant cannot avail himself of the matters thus pleaded as a defense. His undertaking was that he would pay the specified sum of money upon the performance by the other party of a single condition named in the contract. By the terms of the written instrument, the performance of that condition is made the sole consideration for his promise to pay the money. In the paragraphs of the answer in question he alleges that he was induced in part to enter into the agreement by another promise, entirely different and distinct from that, and that that promise has been broken. But when the parties, by their writing, made the completion of the railroad to Iowa Falls within the specified time the condition upon which his liability to pay the money should accrue, they definitely fixed that as the condition of the contract, and the conclusive presumption is that all other conditions were excluded. When, by the express terms of the written agreement, a particular condition is made the consideration for the undertaking, it is no more competent to contradict or vary its terms by parol evidence, as to the consideration by which it is supported, than as to its other conditions. *Gelpcke* v. *Blake,* 19 Iowa, 263; *Courtwright* v. *Strickler,* 37 Iowa, 382." *Blair* v. *Buttolph,* 72 Iowa, 31, 33 N. W. 349.

"It is the general rule that parol evidence is not admissible to show that a subscription was not to be payable except on other conditions than those embodied in the written contract." 37 Cyc. 504, citing *Blair* v. *Buttolph, supra; Farmington First Free-Will Baptist Parish* v. *Perham,* 84 Me. 563, 24 Atl. 958; *Gerner* v. *Church,* 43 Neb. 690, 62 N. W. 51; *Blodgett* v.

XVI Ariz.—3

*Morill,* 20 Vt. 509.   See, also, *Thompkins* v. *Dinnie,* 21 N. D. 309, 130 N. W. 935.

It follows as a consequence that the court should properly have instructed the jury to return a verdict for plaintiff, as the defendant would have no right to recover under the pleadings and evidence produced.   The rulings of the court, if erroneous as abstract propositions of law, could not prejudice the appellant, no issue of fact existed for trial, and the questions raised on the trial were at most questions the discussion of which could in no manner affect the rights of the parties.

We find no reversible error in the record, and the judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—As to the validity and enforceability of subscriptions for charity, see note in 48 L. R. A. (N. S.) 783.

On the validity of a subscription induced by false statements that certain other persons were to invest in the enterprise, see note in 29 L. R. A. (N. S.) 477.