TRAVERS-NEWTON CHAUTAUQUA SYSTEM, Appellee, v. G. P. NAAB et al., Appellants.

**EVIDENCE:  Parol as Affecting Writings—Conditions Precedent.  A contemporaneous parol agreement to the effect that a written contract was not to become effective except upon certain conditions may not be shown, when the written contract specifically *provides the conditions on which the contract is to become effective.*

EVANS, J., dissents as to parol conditions as to ''delivery.''

**TRIAL:  Instructions—Joint Enterprise.**  Instructions held to properly tell the jury that the party defendants were engaged in a joint enterprise and that a tender to any one of such parties was sufficient.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

DECEMBER 14, 1923.

ACTION at law, to recover on a certain written contract. Defendants sought to prove by parol an alleged condition precedent to the validity of the contract. Verdict for plaintiff, and defendants appeal.—*Affirmed.*

*Edward S. Schuetz,* for appellants.

*Jordan, Jordan & Fountain* and *H. H. Sawyer,* for appellee.

FAVILLE, J.—I. The appellee is a partnership, engaged in the business of furnishing chautauqua entertainments at different cities and towns. On or about the 4th of October, 1920, appellee

*J. EVIDENCE: parol as affecting writings: conditions precedent.*

and appellants entered into a written contract, by which appellee undertook to conduct a chautauqua in Polk City, Iowa, and appellants agreed to purchase from appellee a minimum of $425 worth of season tickets, and to furnish grounds and do other things. Suit is brought to recover said amount of $425. Appellants pleaded that, at the time of the execution of the contract, it was orally agreed between the parties that, as a condition precedent to the taking effect of said contract, the appellee would procure the signatures of not less than ten financially responsible persons to said instrument, and that it was also orally agreed at said time that the said instrument was to be signed by three designated persons other than appellants. Upon the trial of the case, appellants sought to prove the matters so alleged. Objections to this line of evidence were sustained, and the court withdrew from the jury the question of the alleged parol agreement as a condition precedent to the validity of the instrument, on the ground that the matter was covered by the writing.

It is to be noticed that there is no allegation of fraud or misrepresentation in the procurement of the contract. Appellants contend that the parol-evidence rule is not violated by proof of a contemporaneous parol agreement to the effect that the contract in question was not to become effective except upon certain conditions.

The rule regarding parol evidence to vary, alter, or change the terms of a written contract is one of the elementary rules of law. There are certain recognized exceptions to it. These are discussed somewhat in *Lavalleur v. Hahn,* 152 Iowa 649. Among the well recognized exceptions is one that "parol evidence is competent to show that a writing, in form a complete contract and delivered, was not to become binding until the performance of some condition resting in parol." *Sutton v. Griebel,* 118 Iowa 78; *Sutton v. Weber,* 127 Iowa 361; *Hinsdale v. McCune,*

135 Iowa 682; *Oakland Cem. Assn. v. Lakins*, 126 Iowa 121; *McCaskey Register Co. v. Hall*, 140 Iowa 87; *Waukee Sav. Bank v. Jones*, 179 Iowa 261.

We have repeatedly held that parol evidence to establish a condition precedent to the delivery of a written contract does not violate the rule by seeking to change, vary, or alter the terms of an existing contract. The terms of the contract itself remain unchanged. It is necessary, in order to establish the validity of any contract, to prove two things: one is its due execution, and the other is its full legal delivery. Mere manual delivery or the change of custody of a written instrument is not necessarily sufficient to constitute, in all cases, a legal delivery of the instrument. The manual possession or custody may be given to one for some special purpose, without there being such legal delivery of the instrument as to give it validity. Delivery is largely a matter of intention. Where there is a condition precedent to the full legal delivery of a written instrument, the writing does not become effective until such condition has been complied with, and it may generally be proved by parol evidence that there was such a condition precedent to the full legal delivery of the instrument and to its becoming effective.

This rule is, of necessity, applied in cases where the written instrument itself is silent on the subject-matter of the condition precedent which it is sought to establish by parol. But where the written instrument speaks on the very subject-matter of the condition precedent which it is sought to establish by parol, then a different rule must obtain. In such an instance, the writing itself is sought to be obviated or modified by proof of a contemporaneous parol agreement; and this cannot be done. Competent parties have an undoubted right to insert in a written instrument a condition precedent to its full legal delivery, and to its becoming effective and binding. If they can agree orally in regard to such a matter, they certainly can agree in writing in regard thereto.

Did the contract in suit contain any written terms or statement in respect to its delivery or its validity? Was a condition precedent expressed therein?

It clearly provided: "Nor shall it be binding on first party until approved in writing by one of its managers." It also pro-

vided, as to the second party, that the contract was "not valid until signed by ten or more persons as second party." The contract, therefore, by its terms, spoke on the subject-matter of when it was to become valid and enforcible. It provided for a condition precedent to its becoming effective. As to the first party, it was when approved by one of its managers; as to the second party, it was when signed by ten or more persons. It is now sought to prove that the words "ten or more persons" referred to in the contract were to be ten or more persons *financially responsible,* and that among the ten or more persons should be *three named individuals.*

Were the contract entirely silent on this subject-matter, it might well be said that a condition precedent of this character might be established without doing violence to the parol-evidence rule. In the instant case, however, the parties have bound themselves by providing in the contract in regard to the very subject-matter of a condition precedent to its validity.

Let it be remembered at this point that there is no claim of any fraud or misrepresentation whatsoever. The parties were all capable of making a contract. They bound themselves by apt terms, as they had a right to do. This action is not in equity, to reform the instrument, but the appellants seek by parol to modify and change the provisions thereof, so that, instead of reading, "not valid until signed by ten or more persons," it should read, "not valid until signed by ten or more *financially responsible persons, including A. F. Miller, E. A. Landis, and Dr. C. W. Tyler.*"

There is nothing illegal about a contract of this character. The contract speaks on the very subject of a condition precedent to its validity. This provision of the contract cannot be altered, changed, or modified by parol, any more than can any other provision of the written instrument. The parties had a perfect right to contract with respect to the conditions upon which the instrument should become valid, and, the written instrument having spoken on this subject, without any claim of misrepresentation or fraud, one party cannot now, by parol, modify and change these express terms of the written instrument by incorporating alterations and modifications thereon. As the contract is written, so it is written, and so it must be upheld.

In *Blair v. Buttolph*, 72 Iowa 31, the writing provided that the defendant was to pay a certain sum one year after a railroad "shall be completed to Iowa Falls." He sought to prove by parol that, as part of the consideration, the oral agreement was that the railroad was to be built from Iowa Falls to Forest City. We said:

"His undertaking was that he would pay the specified sum of money upon the performance by the other party of the single condition named in the contract. By the terms of the written instrument, the performance of that condition is made the sole consideration for his promise to pay the money. In the paragraphs of the answer in question he alleges that he was induced in part to enter into the agreement by another promise, entirely different and distinct from that, and that that promise has been broken. But when the parties, by their writing, made the completion of the railroad to Iowa Falls within the specified time the condition upon which his liability to pay the money should accrue, they definitely fixed that as the condition of the contract, and the conclusive presumption is that all other conditions were excluded."

See, also, *Gelpcke W. & Co. v. Blake*, 19 Iowa 263; *Kelly v. Chicago, M. & St. P. R. Co.*, 93 Iowa 436; *Bonewell & Co. v. Jacobson*, 130 Iowa 170; *Doolittle v. Murray & Co.*, 134 Iowa 536.

In *Heitman v. Commercial Bank of Savannah*, 6 Ga. App. 584 (65 S. E. 590), the court reviewed the authorities at length, and recognized the rule that parol evidence was admissible to establish a condition precedent upon which a contract was delivered, and said:

"There is a plain difference between showing by extrinsic evidence the nonperformance of a condition precedent as to which the writing is silent, and showing by extrinsic evidence that the writing is incomplete or not finally uttered, because of the nonperformance of a condition stated in the writing to have been performed or to have been agreed upon as unnecessary. In the former case the writing is not contradicted; in the latter it is. * * * For example, if the written instrument, as agreed upon and signed by both parties, contains a stipulation that it is not to be binding until it is signed by a certain number

of persons named therein, and that the signatures of these and these only are to be attached thereto, it would be a violation of the so-called parol-evidence rule to. allow parol‿evidence of an agreement that other signatures than the ones named in the contract were to be secured as a condition precedent to its final utterance as a completed legal act.''

In *Hurley v. Y. M. C. A.*, 16 Ariz. 26 (140 Pac. 816), by a written contract a subscriber to a fund to provide a building and a site for a Y. M. C. A. upon specified conditions was held bound by the specified conditions, and not permitted by parol to show other conditions.

In *First St. Bank v. Noel*, 94 Mo. App. 498 (68 S. W. 235), suit was brought on an agreement to pay a subscription price when certain telephone lines were constructed to a certain place. The defendant attempted to show that there was a contemporaneous parol agreement that the line was to be completed within ninety days. It was held that it was not competent to change the conditions of the written instrument by such contemporaneous parol agreement.

In *Ward v. Thompson*, 13 Ga. App. 152 (78 S. E. 1012), a note contained stipulations that it was given for a pump, to be delivered in thirty days, and that it was to be void only on condition that the pump company refused to deliver the pump as above specified, and for no other cause whatever. It was held that the contract could not be affected by a parol agreement that the pump was to be installed free of charge, and with water pipes running to purchaser's kitchen.

See, also, *Thompkins v. Dinnie*, 21 N. D. 305; *Prouty v. Adams*, 141 Cal. 304; *Wooldridge v. Royer*, 69 Md. 113; *Cairo & Vincennes R. Co. v. Parker*, 84 Ill. 613. Other cases to similar effect might be added.

The court did not err at this point.

II.   Appellants contend that the court erred in overruling appellants' motion for a directed verdict, especially on' the ground that the evidence failed to show performance of. the contract on the part of appellee in making delivery of the tickets provided for in the contract.

There was evidence tending to sustain appellee's claim of delivery of the tickets.' The court properly placed the burden

on appellee to prove such delivery by a preponderance of the evidence. The jury found for appellee on this fact question. Appellants cannot complain of error here.

III. Complaint is made of the court's refusal to give certain instructions requested by appellants. The subject-matter of these requests was sufficiently covered by the instructions given by the court.

IV. It is contended that the court erred in instructing the jury that:

"By signing the subscription contract of October 4, 1920, the defendants associated themselves together in a joint enterprise or undertaking, and became copartners therein. A delivery or tender of the chautauqua tickets by plaintiff to any one of the defendants would, therefore, be a delivery or tender to all of them."

2. TRIAL: instructions: joint enterprise.

Under the contract, appellants were to share jointly in the losses and the profits of the enterprise. They had a community of power in the administration of property and assets in which they were mutually interested. As applied to the facts of this case, the instruction was not erroneous. *Malvern Nat. Bank v. Halliday*, 195 Iowa 734; *Veenstra v. Mathews*, 194 Iowa 792.

We find no error in the record requiring reversal. The judgment is, therefore,—*Affirmed*.

PRESTON, C. J., STEVENS, ARTHUR, DE GRAFF, and VERMILION, JJ., concur.

EVANS, J. (dissenting). I. I am unable to agree fully with the foregoing opinion. I do not think that the recitals of a written contract can be effective to exclude parol evidence on the question of delivery: this for the reason that no recital of a written contract is effective *until* delivery. Indeed, I doubt whether the delivery of an instrument is provable by the recitals of the instrument itself. There must be some proof of delivery of an instrument before it is admissible in evidence at all. Such evidence is usually of a parol character, even though it may be circumstantial or presumptive, rather than direct. Certain it is that the delivery must be proved quite independently of the recitals of the instrument. If *delivery* is provable

by parol evidence, then necessarily conditions precedent to delivery are likewise so provable.

II. I am of the opinion, also, that the requirement of the contract that it shall be signed by "ten persons" fairly carries the implication that the ten persons must be financially responsible. This because the contract is in the nature of a guaranty, and the manifest purpose of the proviso is a distribution of the financial undertaking. By the contrary construction, one solvent person could be required to carry the full burden of the guaranty by procuring, in addition to his, the signatures of nine insolvent persons. This is an extreme illustration; but it illustrates, nevertheless, how completely the spirit and purpose of the contract could be violated by a literal compliance which ignores all implications of financial responsibility.