MARY VEENSTRA, Appellee, v. RAY MATHEWS et al., Appellants.

PARTNERSHIP: The Relation—Implied Agreement in re Losses. An agreement to share the losses of a partnership will, in the absence of any agreement bearing thereon, be implied when the fact of partnership is otherwise established.

**PRINCIPAL AND AGENT:** Mutual Rights—Accounting. An agent
2  must account for funds placed in his charge.

**PARTNERSHIP:** Accounting—Intervention. Record reviewed, and
3  held to show that certain investments were made with partnership
funds, and that an intervener had no interest therein.

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

NOVEMBER 14, 1922.

SUIT in equity, for an accounting and for a dissolution of
an alleged partnership. The answer was a general denial, and a
special denial that any partnership existed. There was an in-
tervention by Stella Mathews, the wife of the defendant, who
claimed to own certain of the alleged partnership property.
There was a decree for the plaintiff substantially as prayed, and
the defendant and intervener appeal.—*Affirmed.*

*W. H. Lyon,* for appellants.

*Vander Ploeg & Johnson,* for appellee.

EVANS, J.—I. On March 4, 1914, the plaintiff and defend-
ant entered jointly into the automobile business, under the firm
name of Knoxville Auto Supply Company. Their contract was
oral. The evidence is in conflict as to the terms and legal effect
thereof. The plaintiff's version is that they entered into a
partnership, wherein the plaintiff was to furnish the capital, and
the defendant was to take charge of the business and do the
work thereof, and the profits were to be divided. The plaintiff
furnished $5,500 of capital in the early stages of the enterprise,
and furnished additional sums later, whereby her total invest-
ment was over $14,000. The defendant's version is that the
plaintiff engaged in the business as sole owner thereof, and that
she employed the defendant as sole manager thereof, and that
his compensation was to be a sum sufficient to pay his reasonable
living expenses, including that of his family of five, and one half
of the profits. He specially denies any partnership liability,
either for losses or otherwise. The trial court found expressly
that a partnership existed, and took an accounting accordingly.

By the decree, it was found that the defendant had failed to account for $8,051 of the money put in his hands for the purposes of the business, and it charged him with such amount, and judgment was entered accordingly. On the finding of fact, we are in agreement with the trial court. So far as appears, the plaintiff had no personal knowledge of the automobile business. She lived upon a farm, several miles distant from Knoxville, and continued to so live during the continuance of the enterprise. The defendant was an automobile mechanic, engaged in that line of business. At a time when the plaintiff was having repairs made upon her own car, the defendant represented to her that much money could be made out of the business, and proposed to her that she furnish the capital, and he would do the rest, and they would divide the profits. The actual contract between them consisted of this conversation and others, and was quite informal. The business continued for about five years. The plaintiff exercised no supervision over the business nor over the defendant's accounts. Indeed, she appears in the record as a very harmless and unsuspecting investor in an enterprise about which she knew nothing, and in which she trusted everything to her copartner.

It is strenuously argued by the defendant that there was no partnership, because there was no agreement for a division of losses. It is true that there was no express agreement for such division. It is not essential that there should

1. PARTNERSHIP: the relation: implied agreement *in re* losses.

be, though it is essential to the existence of a partnership that there be a mutual liability for losses. In the absence of express agreement on the subject of losses, the mutual liability for losses will be implied, where the fact of partnership is established by other evidence. Of course, if there be an express agreement on the subject of losses, such agreement will control. If such express agreement negative the sharing of losses, it negatives the partnership. In this case, there was no express agreement on the subject, one way or the other. Such omission is not unusual, especially in oral contracts of partnership. The subject of loss is not usually prominent in the minds of the participants at the beginning of such an enterprise. It was open, therefore, for the plaintiff to prove the fact of partnership by other sufficient

evidence. The partnership being thus proven, the liability to share losses will be implied. *Richards v. Grinnell*, 63 Iowa 44; *Johnson Bros. v. Carter & Co.*, 120 Iowa 355; *Lutz v. Billick*, 172 'Iowa 543.

Moreover, it is one of the peculiarities of this record that, though the parties had joined issue on the question of partnership, and have respectively affirmed and denied, yet the fact itself is quite immaterial, so far as concerns the plaintiff's right to the relief granted her by the decree. Even though it were true that the defendant was a manager for the .plaintiff, and not her partner, he was, nevertheless, accountable to her for all the money placed in his hands by her, and was chargeable for all the money which he had received, subject to a credit for the full amount accounted for by him. This is the full extent of relief which the decree granted the plaintiff. The evidence is virtually conclusive that the defendant has failed to account for the full sum of $8,051 received by him. On the contrary, the testimony shows the appropriation by him to his own use of this amount. In that respect, his liability to the plaintiff as manager would be no less than his liability as a partner.

2. PRINCIPAL AND AGENT: mutual rights: accounting.

It is argued by the appellant that the trial court charged the defendant with *all* the losses, instead of with half of them. This is a mistaken premise. The defendant disclosed no losses. The question of apportioning losses, therefore, was never reached in the trial, nor was there any apportionment of profits made by the decree. If there were profits, the defendant was permitted to retain them all. It is conceded that there were profits in the early years of the enterprise, but the defendant did not disclose what they were; and for such failure, he has suffered no penalty in the decree. The defendant, therefore, has little interest in the question of fact as to the alleged partnership, nor has he suffered any prejudice by such finding of fact, even though it were erroneous. We find that the decree of the trial court is strongly supported by the evidence.

II. We turn to the case of the intervener. The defendant had invested partnership funds in various properties held by him in his own name. He purchased a lot, with a view to erecting a new garage thereon. It is the contention for plaintiff that

the initial payment thereon was made with partnership funds. The embarking of the defendant in this enterprise was the breaking point of the partnership. The plaintiff refused to go ahead with it, and proceeded to wind up the partnership. The defendant went ahead with the enterprise, nevertheless, by transferring the lot to his wife, the intervener, who thereafter joined him in carrying out the enterprise, by incurring certain obligations for building purposes, these obligations being secured by appropriate liens. Before the completion of the enterprise, the property was sold. The value of the interest of the intervener or her husband or both in the purchase price is $3,000. The question at issue at this point is whether the funds of the partnership were originally invested in the purchase of this property. The decree found in the affirmative. The evidence shows quite conclusively that neither the defendant nor his wife had any property at the time that the partnership was formed, and that neither of them had ever acquired any since that time, except as it resulted from the misappropriation of partnership funds by the defendant. No consideration passed from the wife to the defendant at the time of the transfer to her. All the property that the defendant had in his own name, including his bank account, was traced in the evidence directly to partnership funds. We see no room to doubt the correctness of the decree as to the rights of the intervener. We reach the conclusion that the decree should in all respects be affirmed, and it is so ordered.— *Affirmed.*

3. PARTNERSHIP: accounting: intervention.

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.