CENTRAL NATIONAL BANK AND TRUST COMPANY, Appellant, v.
REDMAN FREIGHT LINES et al., Appellees.

No. 45310.

DECEMBER 10, 1940.

Neiman & Leake, for appellant.

Kern & Faville, for appellee Fred Herman.

SAGER, J.—Prior to November 3, 1937, appellee Herman operated a freight terminal under the name of Des Moines Motor Freight Terminal which, for convenience, will be referred to as the terminal company. While Herman operated and after he sold the terminal company there were being operated by one Dave Redman, the Redman Freight Lines and the Redman Transfer Company which will be referred to herein as the trucking lines. Appellee Herman sold the terminal company to others who, in turn, sold to Travis. Travis had dealings with the trucking lines with such result that they became indebted to him in a sum in excess of $2,000. During the same time Travis became indebted to the plaintiff and, being pressed, gave to appellant a chattel mortgage on his tangible assets and an assignment of his accounts, among which was the debt of the trucking lines. Travis operating under the name of the terminal company was not able to, or at least did not, keep up his payments to the plaintiff, and to get an extension of time offered to give the two notes in suit. These, it is to be observed, are signed, ''RED-MAN FREIGHT LINES, REDMAN TRANSFER Co., By Dave Redman.'' Here arises plaintiff's claim against appellee Herman.

It is alleged in the petition that Herman was either an actual partner with Redman in the trucking lines or had held himself out as an ostensible partner therein; and that plaintiff relied on its belief in this regard and, because thereof, extended the time in which Travis might pay his debt. Travis didn't and couldn't pay. He filed an assignment for the benefit of creditors and a

petition in bankruptcy. These proceedings afford the basis of much argument between the parties but it would be a waste of time in the view we take of the case to examine these proceedings.

■ This cause turns on the question of whether Herman was in fact a partner or whether he held himself out as such in a way that estopped him from now denying that relationship. Notwithstanding the fact that the term "partnership" appears in certain records of the board of railroad commissioners (now Iowa state commerce commission), having to do with applications for transfers of certificates of convenience and necessity, it cannot be seriously contended that Herman was actually a partner in the trucking lines. Appellant argues vigorously that exhibit A-2 establishes a partnership. This is an exhibit filed with the commission in connection with the application for the transfer of certificate No. 301 from the Blue Line Storage Company to the Redman Trucking Company. The exhibit does refer to a partnership between Herman and Redman for the purpose of hauling freight under this certificate, but, when examined, appears to be an agreement only with reference to the certificate. It appears to be an undertaking by Redman to operate the trucking line with an option to Herman to get in if he desired to do so, as is attested by the following from the exhibit:

"It is mutually agreed that Mr. Redman, hereinafter referred to as party of the second part, shall furnish all the equipment necessary to operate under this franchise and pay all overhead and maintenance charges in connection with the operation of this franchise and said party of second part shall receive all revenues derived from the operation of this franchise as long as the said Mr. Redman pays all overhead and maintenance charges of the franchise; it is further agreed that in the event Mr. Herman desires to contribute an equal amount of equipment with Mr. Redman, then and in that event the revenues derived from the operation of this franchise shall be equally divided providing Mr. Herman also pays one-half of the overhead and maintenance charge in connection with the operation of this franchise."

There is no proof that Herman took an interest in the trucking under certificate No. 301 except to collect charges for merchandise which went through his terminal. He received no profits nor shared any losses in the business. The instrument in question and the conduct of the parties fail to meet the requirements of an actual partnership. Farmers & Merch. Nat. Bk. v. Anderson, 216 Iowa 988, 250 N. W. 214.

■ Having failed to prove an actual partnership, appellant seeks to hold appellee Herman on the ground that he held himself out as a partner in such a way as to justify appellant in assuming that he was so in fact. It is to be observed that the trucking lines are of that type of business called "nontrading", in which borrowing money and giving negotiable paper is neither a necessity nor ordinary incident. Schumacher v. Sumner Tel. Co., 161 Iowa 326, 142 N. W. 1034, Ann. Cas. 1916A, 201.

■ Appellant argues as error the exclusion of the testimony of Travis whereby it was sought to show that he told Plummer what the records of the commerce commission purported to show. Plummer is the officer of the appellant who handled the matters under investigation. This quotation from the rejected testimony indicates its character:

"Told Mr. Plummer that the certificates over there were made out in the Redman Freight Lines and Dave Redman and Fred A. Herman co-partners. * * * After I got back from there and found the records were that way I thought that they were partners in this."

It will be noticed that the witness attempted to give his conclusion that the documents on file tended to prove a partnership. It would seem to require no argument to sustain the trial court in its refusal to admit this testimony. Appellant's citations do not support its argument on the point. See Anfenson v. Banks, 180 Iowa 1066, 163 N. W. 608, L. R. A. 1918D, 482; Kinney v. Bank of Plymouth, 213 Iowa 267, 236 N. W. 31. Even if this was not so Plummer in his testimony gave the substance of what Travis sought to tell. He made no examination of the records himself but said he had conversations with a couple of boys he knew at the commerce commission and with Earl Travis.

The complaint over the refusal to admit the testimony of Robinson is without merit because there is nothing to show that Plummer heard of the conversation between Robinson and Herman.

Appellant challenges the correctness of the ruling of the court on the motion to direct insofar as it held that appellant had failed to establish a partnership or that Herman had held himself out as a partner or that appellant had relied upon any holding out. Appellant cites Malvern Nat. Bank v. Halliday, 195 Iowa 734, 192 N. W. 843; Veenstra v. Mathews, 194 Iowa 792, 190 N. W. 382; Farmers & Merch. Nat. Bk. v. Anderson, supra. We find no support for appellant therein.

 Referring again to the fact that if a partnership existed it was a nontrading kind, the trial court rightly denied recovery and directed a verdict against the appellant because of the failure on the part of appellant to use the slightest effort to determine what the nature of Herman's relation to the trucking lines actually was. As we said in Schumacher v. Sumner Tel. Co., supra [161 Iowa 326, at page 333, 142 N. W. 1034, at page 1037, Ann. Cas. 1916A, 201]:

"* * * when it happens that such a concern does desire to borrow or a member or officer proposes to give or tenders a promissory note in its name, it is no hardship upon the lender or creditor to require him to look into the authority of one who proposes to bind others who are not present or consenting."

The principle there announced is amplified in Anfenson v. Banks, supra. This case covers the field under investigation so thoroughly that we are called upon to do more than to direct attention to Plummer's testimony:

"I do not recall when I first became acquainted with Herman. He had a deposit in our bank and was in and out regularly. So far as I know he had a deposit during the year 1933 and conducted a regular course of business with us during all that time. He was in and out of the bank frequently and continued his account after November 3, 1937. I never talked with him about the notes in suit nor mentioned them to him in any way. I never discussed with him his affairs with Redman nor

the records at the state commerce commission. I never had any conversation with him at all regarding the operation of any of these truck lines.''

Other questions are discussed and citations other than appear herein are made but these have been examined and do not call for special attention. We have referred to appellee Herman as if he were the sole defendant for reasons of convenience but the ruling of the trial court and this opinion dispose of the whole case.

The judgment of the trial court was right and it is affirmed. —Affirmed.

CHIEF JUSTICE and all JUSTICES concur.